IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JELANI SOLOMON, | : | |
|     Petitioner, | : | 3:16-cv-0106 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
|     Respondent. | : | |

## **MEMORANDUM**

### **June 27, 2017**

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on January 20, 2016, by Jelani Solomon ("Solomon"), a federal inmate confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. Solomon supplemented the petition on February 3, 2017 (Doc. 16).

The matter is presently ripe for disposition. (Docs. 1, 5-7, 12, 16, 20, 21). For the reasons set forth below, the petition, as supplemented will be denied for lack of jurisdiction.

## **I.**   **BACKGROUND**

The following background is set forth in an opinion adjudicating § 2255 petitions filed by Solomon and his mother and co-defendant, Wanda Solomon, in the United States District Court for the Western District of Pennsylvania:

In a Superseding Indictment at Criminal Case No. 05–385, Jelani Solomon ("Jelani"), Wanda Solomon ("Wanda") and Claron Hanner were charged at Count 1 with conspiracy to distribute more than five kilograms of cocaine. At Counts 2–4 and 6–8 of the Superseding Indictment, Jelani was charged with additional drug and firearms offenses, notably including at Count 6 the use of a firearm in furtherance of a drug trafficking crime and causing the death of a person through the use of said firearm, for which the government sought the death penalty. Jelani was eventually convicted after a jury trial at Counts 1, 2, 3, 4, 6 and 7 and thereafter sentenced to a term of life imprisonment without the possibility of parole. On July 23, 2010 the United States Court of Appeals for the Third Circuit affirmed Jelani's conviction and sentence in a non-precedential opinion. *United States v. Solomon*, 387 Fed. Appx. 258 (3d Cir.2010).

In addition to the cocaine conspiracy charged at Criminal No. 05–385, Wanda was charged at Criminal Case No. 05–350 with a separate cocaine and crack cocaine conspiracy which involved her daughter, Khaliah Solomon, and Cadee Akins. On August 2, 2006, Wanda pled guilty to the drug conspiracies charged in both cases. She was sentenced to 240 months of imprisonment at each case, to run concurrently. On June 1, 2009, the United States Court of Appeals for the Third Circuit affirmed Wanda's convictions and sentences.

Both Jelani and Wanda have previously filed § 2255 motions to collaterally attack their respective convictions and sentences. On March 24, 2011, Wanda filed a § 2255 motion. Criminal No. 05–385 (ECF No. 829) and Criminal No. 05–350 (ECF No. 225). On March 6, 2012, Jelani filed a § 2255 motion. Criminal No. 05–385 (ECF No. 839). On June 11, 2012 Wanda filed a second § 2255 motion. Criminal No. 05–385 (ECF No. 868) and Criminal No. 05–350 (ECF No. 242). All of these motions were denied by the Court in written decisions. Criminal No. 05–385 (ECF Nos. 833, 882, 896). The Court also denied certificates of appealability. Of particular relevance, in denying Wanda's second motion, the Court explained that she had failed to obtain permission from the Court of Appeals to file such a successive petition, pursuant to 28 U.S.C. § 2255(h), such that this Court lacked jurisdiction.

On July 8, 2014, Jelani filed the instant § 2255 motion (his second). On July 9, 2014, Wanda filed the instant § 2255 motion (her third). Their arguments are substantially similar. Specifically, they argue that their renewed § 2255 petitions are timely because they were filed within one year of the Supreme Court's decisions in *Alleyne v. United States*, ––U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); *Peugh v. United States*, –– U.S. ––––, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013); *Rosemond v. United States*, –– U.S. ––––, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014); and *Burrage v. United States*, –– U.S. ––––, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014), which they contend have recognized a new constitutional right that has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2555(f)(3).

*United States v. Solomon*, No. 2:05-CR-0350, 2014 WL 3402010, at *2 (W.D. Pa. July 10, 2014). The district court concluded that it lacked jurisdiction because Petitioners failed to seek authorization from the Third Circuit Court of Appeals prior to filing the § 2255 motions as required by 28 U.S.C. § 2255(h). The district court further noted that because the cases cited by Petitioners, *Rosemond, inter alia*, did not recognize a new constitutional right made retroactive to cases on collateral review, it was appropriate to dismiss the motions, rather than transfer them to the Third Circuit Court of Appeals. (*Id.*)

Solomon then filed the instant petition pursuant to 28 U.S.C. § 2241. He claims that *Rosemond* is a statutory construction case that announces a substantive rule that applies retroactively to cases on collateral review, and argues that because

3

*Rosemond* was made unavailable in his prior § 2255 proceeding, §2255 is rendered inadequate and ineffective. (Doc. 1, p. 6).

## II. **DISCUSSION**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has

4

subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. *Dorsainvil,* 119 F.3d at 251–52.

Solomon's second § 2255 motion was dismissed for failure to seek authorization to file a second § 2255 motion in the United States Court of Appeals for the Third Circuit. *United States v. Solomon*, 2014 WL 3402010, at *2. Rather than pursue that avenue of relief, Solomon filed the instant § 2241 petition to challenge the legality of his conviction and sentence.

Solomon cannot demonstrate that a § 2255 motion is "inadequate or ineffective"—and that resort to § 2241 is therefore available—simply because he has been denied relief by the sentencing court. *See Cradle*, 290 F.3d at 539. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Solomon fails to demonstrate that he falls within the *Dorsainvil* exception. If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971). Hence, it is appropriate to dismiss Solomon's petition for lack of jurisdiction.

An appropriate order will issue.