IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JELANI SOLOMON, | : | |
| Petitioner, | : | 3:16-cv-0106 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent. | : | |

# **MEMORANDUM**

## **November 2, 2018**

Jelani Solomon ("Solomon"), a federal inmate presently confined at the Federal Correctional Institution at McKean, Bradford, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) on January 20, 2016. Solomon supplemented the petition on February 3, 2017. (Doc. 16).

On June 27, 2017, the Court dismissed dismissing the petition for lack of jurisdiction. (Doc. 24). Solomon appealed to the United States Court of Appeals for the Third Circuit ("Court of Appeals"). (Doc. 25). Subsequent to the appeal, he moved for reconsideration (Doc. 26), which prompted the Court of Appeals to stay the appeal pending disposition of the motion (Doc. 27). On May 18, 2018, in light of *Bruce v. Warden Lewisburg USP*, 868 F.3d 170 (3d Cir. 2017), this Court granted the motion for reconsideration, vacated the prior Order (Doc. 24), reopened the case, and directed the parties to file supplemental briefs addressing

the *Bruce* decision and the concurrent sentence defense. (Doc. 31). The Court of Appeals then dismissed the appeal for lack of appellate jurisdiction. (Doc. 39). Per this Court's Order, the parties filed supplemental briefs (Docs. 37, 38, 40). The matter is presently ripe for disposition and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **BACKGROUND**

The following background is set forth in an opinion of the United States District Court for the Western District of Pennsylvania adjudicating § 2255 petitions filed by Solomon and his mother and co-defendant, Wanda Solomon:

> In a Superseding Indictment at Criminal Case No. 05–385, Jelani Solomon ("Jelani"), Wanda Solomon ("Wanda") and Claron Hanner were charged at Count 1 with conspiracy to distribute more than five kilograms of cocaine. At Counts 2–4 and 6–8 of the Superseding Indictment, Jelani was charged with additional drug and firearms offenses, notably including at Count 6 the use of a firearm in furtherance of a drug trafficking crime and causing the death of a person through the use of said firearm, for which the government sought the death penalty. Jelani was eventually convicted after a jury trial at Counts 1, 2, 3, 4, 6 and 7 and thereafter sentenced to a term of life imprisonment without the possibility of parole. On July 23, 2010 the United States Court of Appeals for the Third Circuit affirmed Jelani's conviction and sentence in a non-precedential opinion. *United States v. Solomon*, 387 Fed. Appx. 258 (3d Cir.2010).
>
> In addition to the cocaine conspiracy charged at Criminal No. 05–385, Wanda was charged at Criminal Case No. 05–350 with a separate cocaine and crack cocaine conspiracy which involved her daughter, Khaliah Solomon, and Cadee Akins. On August 2, 2006, Wanda pled guilty to the drug conspiracies charged in both cases. She was

2

sentenced to 240 months of imprisonment at each case, to run concurrently. On June 1, 2009, the United States Court of Appeals for the Third Circuit affirmed Wanda's convictions and sentences.

Both Jelani and Wanda have previously filed § 2255 motions to collaterally attack their respective convictions and sentences. On March 24, 2011, Wanda filed a § 2255 motion. Criminal No. 05–385 (ECF No. 829) and Criminal No. 05–350 (ECF No. 225). On March 6, 2012, Jelani filed a § 2255 motion. Criminal No. 05–385 (ECF No. 839). On June 11, 2012 Wanda filed a second § 2255 motion. Criminal No. 05–385 (ECF No. 868) and Criminal No. 05–350 (ECF No. 242). All of these motions were denied by the Court in written decisions. Criminal No. 05–385 (ECF Nos. 833, 882, 896). The Court also denied certificates of appealability. Of particular relevance, in denying Wanda's second motion, the Court explained that she had failed to obtain permission from the Court of Appeals to file such a successive petition, pursuant to 28 U.S.C. § 2255(h), such that this Court lacked jurisdiction.

On July 8, 2014, Jelani filed the instant § 2255 motion (his second). On July 9, 2014, Wanda filed the instant § 2255 motion (her third). Their arguments are substantially similar. Specifically, they argue that their renewed § 2255 petitions are timely because they were filed within one year of the Supreme Court's decisions in *Alleyne v. United States*, ––U.S. ––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); *Peugh v. United States*, ––– U.S. –––, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013); *Rosemond v. United States*, ––– U.S. –––, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014); and *Burrage v. United States*, ––– U.S. –––, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014), which they contend have recognized a new constitutional right that has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2555(f)(3).

*United States v. Solomon*, No. 2:05-CR-0350, 2014 WL 3402010, at *2 (W.D. Pa. July 10, 2014).[1] The district court concluded that it lacked jurisdiction because Petitioners failed to seek authorization from the Third Circuit Court of Appeals prior to filing the § 2255 motions as required by 28 U.S.C. § 2255(h). The district court further noted that, because the cases cited by Petitioners, *Rosemond, inter alia*, did not recognize a new constitutional right made retroactive to cases on collateral review, it was appropriate to dismiss the motions, rather than transfer them to the Third Circuit Court of Appeals. (*Id.*)

Solomon then filed the instant petition pursuant to 28 U.S.C. § 2241, challenging his 18 U.S.C. § 924(c), use and carrying a firearm in relation to a drug trafficking crime conviction. He essentially claims that *Rosemond* is a statutory construction case that announces a substantive rule that applies retroactively to cases on collateral review, and argues that because *Rosemond* was made unavailable in his prior § 2255 proceeding, §2255 is rendered inadequate and ineffective. (Doc. 1, p. 6).

## II. DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Solomon's second § 2255 motion was dismissed for failure to seek authorization to file a second § 2255 motion in the United States Court of Appeals for the Third Circuit. *United States v. Solomon*, 2014 WL 3402010, at *2. Rather than pursue that avenue of relief, Solomon filed the instant § 2241 petition to challenge the legality of his conviction and sentence.

A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251.). "Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence'

5

on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*United States v.*] *Tyler*, 732 F.3d [241] at 246 [(3d Cir. 2013)] (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

Solomon argues that he is entitled to relief *via* §2241 because he "is actually innocent of 'aiding an abetting', in light of *Rosemond v. United States*, 134 S Ct 1240, 1245, 188 L Ed 2d 248 (2014)("A conviction based on speculation and surmise alone cannot stand.")." (Doc. 40, p. 5). *Rosemond* held that in order to convict someone of a § 924(c) offense under an aiding and abetting theory, the government must prove "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use

or carry a gun during the crime's commission." *Rosemond v. U.S.*, 572 U.S. 65, 67 (2014).

The Court of Appeals affirmed Solomon's conviction on June 1, 2009. *Rosemond* was decided on March 5, 2014. Supreme Court holdings made after a conviction has become final may not be used as the basis for a collateral challenge to that conviction unless the rule has retroactive effect. *See, e.g., Schriro v. Summerlin*, 542 U.S. 348 (2004); *Teague v. Lane*, 489 U.S. 288, 301 (1989). In order to have retroactive application, a Supreme Court holding must set forth a "new rule" that is either "substantive" or is a "'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 542 at 351–52. The holding in a given case qualifies as a "new rule" if it "breaks new ground or imposes a new obligation on the States or the Federal Government" and if "the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301.

The *Rosemond* Court did not pronounce that it intended its holding to be applied retroactively and the rule set forth therein does not satisfy the requirement of constituting a "new rule." The Supreme Court gave no indication that its holding broke "new ground." Rather, it explained at length that existing precedent dictated its holding. *See Rosemond*, 572 U.S. at 75-79. Federal courts addressing

challenges similar to Solomon's have universally concluded that *Rosemond* does not apply retroactively. *See, e.g., United States v. Newman*, 755 F.3d 543, 546-47 (7th Cir. 2014) (discussing *Rosemond* in context of direct appeal from conspiracy conviction); *United States v. Davis*, 750 F.3d 1186, 1192-93 (10th Cir. 2014) (suggesting prospective application only: "After *Rosemond*, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *Gonzalez v. Baltazar*, No. 3:17-cv-759, 2017 WL 2175804, *3 (M.D. Pa. May 17, 2017); *Williams v. Spaulding*; 3:15-cv-1992; 2015 WL 8332424, *3 (M.D. Pa. Dec. 9, 2015); *Rodriguez v. Thomas*, 1:14-cv-1121, 2015 WL 179057, *5 (M.D. Pa. January 14, 2015); *United States v. Bentley*, 14-cv-4878, 2015 WL 12743602, *2 (E.D. Pa. June 10, 2015); *Taniguchi v. Butler*, 14-cv-120, 2014 WL 5063748 (E.D. Ky. Oct. 8, 2014); *Rodriguez-Pena v. Werlich*, 14-cv-994, 2014 WL 4273631, *2 (W.D. La. Aug. 19, 2014); *Martinez v. United States*, 3:14-cv-1359-L, 2014 WL 3361748, *2 (N.D. Tex. July 9, 2014). Since the rule articulated in *Rosemond* does not apply retroactively to cases on collateral review, the section 2255 savings clause is unavailable to Solomon.

Nor can Solomon establish that he had no earlier opportunity to challenge his § 924(c) conviction based on *Rosemond*. As noted *supra*, on July 8, 2014, Solomon filed his second § 2255 motion, which included his argument that

8

*Rosemond*, *inter alia*, recognized a new constitutional right that has been "made retroactively applicable to cases on collateral review. '28 U.S.C. § 2555(f)(3).'" *United States v. Solomon*, No. 2:05-CR-0350, 2014 WL 3402010, *2 (W.D. Pa. July 10, 2014). In relying on 28 U.S.C. § 2255(h) the district court concluded that it lacked jurisdiction because Solomon failed to seek authorization from the Court of Appeals prior to filing his second § 2255 motion. It further noted that because the cases cited by Solomon, *Rosemond, inter alia*, did not recognize a new rule of constitutional law made retroactive to cases on collateral review, it was appropriate to dismiss Solomon's motion, rather than transfer it to the Court of Appeals. (*Id.*)

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Solomon fails to demonstrate that he falls within the exception initially recognized in *Dorsainvil*, 119 F.3d 245, and reaffirmed in *Bruce*, 868 F.3d 170 (2017). If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971). Hence, it is appropriate to dismiss Solomon's petition for lack of jurisdiction.[2]

An appropriate Order will issue.

---

[2] Because we lack jurisdiction, we need not address the concurrent sentence doctrine argument.